CarutheRS, J.,
delivered the opinion of the Court.
This was an action of debt brought by the plaintiff, as executor of Augustine Claiborne, against the defendants, as executors of R. L. Brown, to recover $1350, with interest from 1836. The instrument declared upon in one count, is as follows: “ This is to certify that I purchased of Augustine Claiborne and Robert L. Brown, in 1836, a mulatto woman, named Rachel, and her four children, for which I gave $1350. It was my understanding at the time I bought them, that they were the property of the said Augustine Claiborne, and that I paid the money to the said R. L. Brown. Given under my hand this 26th Sept., 1842. W. B. Burse.”
Endorsement — “ I acknowledge the within 26th, Sept., 1842. R. L. Brow».” [l. . j
*161 The second count is based upon this acknowledgment of a debt, as an instrument under seal, with counts also, for money had and received, and the action was brought in February, 1857.
The pleas áre: 1, “ non est factum; 2, nil debet; 3, statute of limitations; 4, payment; 5, want of consideration.
The jury found for the defendants, and a new trial was refused.
The plea of non est factum, directed to the Court, based upon the written acknowledgment, being found for the defendants, puts out of the case all questions in relation to the presumption of payment from lapse of time, and how the same may be rebutted, &c. But, the charge of the Court upon the issues made upon the pleas of nil debet and want of consideration to the other counts, give rise to several questions, which have been argued by the counsel.
First. It is contended that the Court erred in the charge, on the question of the character of an acknowledgment, sufficient to revive a debt barred by the statute of limitations.
The law is thus laid down by his Honor on that point:
“ To revive a debt barred by the statute of limitations, the acknowledgment must be a direct snd unconditional one, or there must be an express and unconditional promise to pay it. In the case before you, if Brown said to Claiborne, if you will buy Grant’s land, I will pay him the amount I owe you, and which will be about enough to pay the first instalment, then such a promise would be conditional, and not revive the debt, unless the proof showed that he did buy the land.” *162 But, if “ he said to him, that he would pay him what he owed him, and that would about pay the first instalment, then this would be an unconditional promise,” and take the case out of the statute, or revive the previously barred debt, whether the land was bought or not.” We think this charge presents the law in substantial conformity to our adjudications. There is some doubt, however, whether the jury applied it correctly to the facts proved, as we see them in the bill of exceptions. Although we might, have made different deductions from the proof, as to the conditional or unconditional character- of the acknowledgments or promises; yet we will not disturb their finding, as we cannot say the evidence did not authorize their conclusions.
Slight shades of difference between the oral evidence before the jury, and the same as we see it written down by the- counsel, might often produce different conclusions in the same mind. It is for this reason, unsafe upon matters of fact, except in a clear and palpable case, to decide they were wrong.
Second. On the plea of want of consideration, it became material to determine whether the negroes, at the time they were sold to Burge, were the -property of Claiborne or Brown. Burge certified in the writing, that he bought them from both, but his understanding was,, that they belonged to the former, and the latter got the money. The truth of this statement, it was supposed by the plaintiff, was admitted by Brown in the indorsement on the back of the certificate, but the jury having found that he did not sign that writing, other evidence had to be resorted to, to prove that fact, as well as the other important fact that the price paid by *163 Burge, was received by Brown. Such, evidence is adduced, and there is no doubt but that the money was paid to Brown, and that the slaves were once the property of Claiborne. But, it is insisted, that they were given to the wife of Brown, who was a sister of Claiborne, and were held and claimed by her more than three years before she married Brown, and by them both afterwards, until the sale, or until within less than three years before the sale, and consequently the proceeds properly belonged to Brown, and not to Claiborne.
If this- were so, there was no consideration for any promise, either express or implied, that Brown may have made to pay Claiborne the money.
Now, upon this point, it is contended, there was error in the charge.
The Court told the jury in substance, that three years possession, claiming under the gift would make a good title, and that of Claiborne regained the possession after that, it would require three years adverse holding, to divest the title out of Brown, and if that had not intervened before the sale, the proceeds went properly into the hands of Brown, and a subsequent promise to pay the money to Claiborne, would be without consideration. There was no error in this, in reference to the facts proved. The argument against the charge on this point, is based upon the idea, that a parol - sale, with delivery of possession, is good without the aid of the-statute as between the parties, though not .so as against creditors of the vendor.
This would be true, but that was not the case before the jury. There is no pretence that there was a sale by Brown to Claiborne, . but the possession, if taken at *164 all, vas without contract or consideration, and could only be made good as a change of the title from Brown to Claiborne, by the aid of the statute, operating upon a possession, and adverse claim of three years. But if the jury found that the debt did once exist, because the title was in Claiborne yet, that it had been barred and not renewed by an unconditional acknowledgment or promise to pay, this question would not be material. •The finding on either of these pleas — want of title in Claiborne at the time of the sale to Burge, or the statute of limitations of six years, would be decisive of the case, without regard to the other.
The affidavit of Cad. Claiborne is presented on the motion for a new trial, shewing that important facts were not stated by him on his examination. These are, that his brother’s deed of gift to his sister, Mrs. Brown, before her marriage, contained a condition that it should be void upon her marriage, and that he would have stated this fact upon his examination, but for the ruling of the Court, that he could not speak of the contents of a writing, that being the best evidence. But a ground is now laid in Ms affidavit, and that of the defendant, ■to prove its contents as a lost instrument. This should have been done on the trial for the neglect of which there is no sufficient excuse given, and the evidence would only be cumulative.
Upon the whole, there is no ground for a reversal, and the judgment will be affirmed.